UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEMETRIUS D. WHITE,

    Petitioner,

    v.                              CAUSE NO. 3:22-CV-550-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Demetrius D. White, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-11-678) at the Miami Correctional Facility in which a disciplinary hearing officer found him guilty of possession of a cellular device in violation of Indiana Department of Correction Offense 121 and sanctioned him with a loss of one hundred days earned credit time. The court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Section 2254 Habeas Corpus Rule 4,

Mr. White argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to find that he possessed a cellular device. He maintains that correctional staff didn't prepare an evidence form to establish chain of custody as departmental policy requires.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will

> suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report by itself can be sufficient by itself to satisfy the "some evidence" standard. McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report in which a correctional officer represented that he saw Mr. White using a cellphone in bed and that he confiscated it. ECF 1-1 at 4. The administrative record also contains a photograph of the cellphone. Id. at 2. The conduct report and the photograph constitute some evidence that Mr. White possessed a cellular device. Even if the absence of an evidence form violated departmental policy, the failure to follow departmental policy alone isn't a federal constitutional violation. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). The claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Mr. White doesn't need a certificate of appealability to appeal this decision because he is challenging a prison disciplinary proceeding. *See* Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). H can't proceed in forma pauperis on appeal because

the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Demetrius D. White leave to appeal in forma pauperis.

SO ORDERED on August 1, 2022

                                                s/ Robert L. Miller, Jr.
                                                JUDGE
                                                UNITED STATES DISTRICT COURT